Eileen Patricia HERVIEUX

v.

Bruce Wayne HERVIEUX.

No. 91–264–Appeal.

Supreme Court of Rhode Island.

March 9, 1992.

Robert R. Anderson, East Providence, Bernard M. Kelly, Kelly Legal Services, Providence, for plaintiff.

Amy Tabor, Pawtucket, for defendant.

## OPINION

PER CURIAM.

This matter was before this court pursuant to an order issued to both parties to appear and show cause why the issues raised in this appeal should not be summarily resolved. In this divorce case the defendant, Bruce Wayne Hervieux, appeals from a Family Court justice's failure to order visitation rights. The defendant is currently serving a fifteen-year sentence at the Adult Correctional Institutions (ACI) that was imposed in 1988. The matter of visitation was left open until the defendant is no longer incarcerated. At the proceeding the plaintiff, Eileen Patricia Hervieux, stated that she agreed to bring the children on weekly visits to the defendant. Immediately following this testimony, the trial justice stated: "If [the plaintiff] wants to, she can [continue the weekly visitation] but the Court will not order it. The Court doesn't believe children should be brought down [to the ACI]. That's the Court's philosophy. However, it's up to the caretaker of the children. If she wishes to do it, the Court will not interfere with it."

General Laws 1956 (1988 Reenactment) § 15-5-16 states in pertinent part:

"(b) In regulating the custody of the children the court shall provide for the reasonable right of visitation by the natural parent not having custody of the children except upon the showing of cause why the right should not be granted.

"(c) In all hearings regarding denial of visitation, the court shall make findings of fact."

In addition in *Seravo v. Seravo*, 525 A.2d 922, 925 (R.I.1987), this court stated that the "trial judge's prime concern in visitation cases is the child's best interests."

Uncontroverted testimony by the defendant indicated that his relationship with his children is warm and loving and, in the circumstances, normal. Apart from the defendant's incarceration at the ACI nothing in the record indicates that cause existed which justified the trial justice's refusal to order visitation rights. This court has stated that "visitation rights are to be strongly favored and should not be denied absent extreme circumstances." *Id.* at 926. The record fails to reveal that such circumstances exist.

Accordingly the defendant's appeal is summarily sustained and the case is remanded to the Family Court for a hearing in which findings of fact shall be made regarding whether there is cause why the right of visitation should not be granted.