### Marianne SAMMATARO

v.

### Robert SAMMATARO.

### No. 92–13–Appeal.

Supreme Court of Rhode Island.

Feb. 22, 1993.

John W. Dineen, Yesser, Jessup & Green, Providence, Philip M. Sloan, Jr., Orsinger & Nardone, Westerly, for plaintiff.

John P. Toscano, Jr., Westerly, for defendant.

Sharon Santilli, Providence, for amicus Bureau of Family Support.

Lauren Jones, Pamelee McFarland, Providence, for Rhode Island Bar Ass'n.

### OPINION

WEISBERGER, Justice.

This case comes before us on appeal by Marianne Sammataro from a decision pending entry of final judgment rendered by the General Master of the Family Court after a hearing on the merits of a divorce action tried in Washington County. Marianne Sammataro (plaintiff) and Robert Sammataro (defendant) were granted a divorce on the ground of irreconcilable differences. The parties do not challenge the granting of the divorce. However, as a part of his decision on the merits, the general master awarded joint custody of the child to both parties but gave actual possession to the defendant. In the course of his decision, the general master made the following statement.

"There has been a finding, and I find nothing to the contrary, both are fit and proper parents herein. The Plaintiff, however, is presently a recipient of public assistance. On the public policy basis only, therefore, physical possession of the child is awarded to the Counterclaimant herein.. He is awarded exclusive use of the apartment wherein the Plaintiff now resides and all of the contents of those quarters. She may remove from there only those items that are hers and hers alone, that being clothing. Nothing

else. All other items will remain therein."

In addition to this statement the general master alluded to the fact that plaintiff had violated a court order that forbade her to allow the minor child to be in the presence of one John Ferraro. The general master also found as a fact that plaintiff was not a credible witness. The general master's custody order has been challenged by plaintiff and also has been the subject of a filing of a number of amicus curiae briefs by the Rhode Island Bar Association, the Department of Human Services, DARE (Direct Action for Rights and Equality), Parents for Progress, Women for Women, the Rhode Island Chapter of the National Association of Social Workers Pathways Advisory Council, Rhode Island Working Women, and Women's Advisory Commission. The plaintiff is represented on this appeal by the Rhode Island affiliate of the American Civil Liberties Union.

■ We begin by reaffirming our well-settled principles relating to the determination of custody in Family Court litigation. Our lode-star principle requires that any custody determination be based on the best interests of the child. *Burrows v. Brady,* 605 A.2d 1312 (R.I.1992). In that case we stated that "[a]ll other considerations are subordinate to the child's intellectual, moral, physical, and spiritual wellbeing." *Id.* at 1315. In determining best interest, we have set forth in *Pettinato v. Pettinato,* 582 A.2d 909 (R.I.1990), a nonexclusive list of factors to be considered by the trial justice.

"1. The wishes of the child's parent or parents regarding the child's custody.

"2. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

"3. The interaction and interrelationship of the child with the child's parent or parents, the child's siblings, and any other person who may significantly affect the child's best interest.

"4. The child's adjustment to the child's home, school, and community.

"5. The mental and physical health of all individuals involved.

"6. The stability of the child's home environment.

"7. The moral fitness of the child's parents.

"8. The willingness and ability of each parent to facilitate a close and continuous parent-child relationship between the child and the other parent." *Id.* at 913–14.

We went on in *Pettinato* to declare that the best interests of the child should not be determined by assessing any one factor. *Id.* at 914. We instructed trial justices to "consider a combination of and an interaction among all the relevant factors that affect the child's best interest." *Id.* We then repeated our standard of review that custody determinations would be upheld save for abuse of discretion. *Id.; Veach v. Veach,* 463 A.2d 508, 510 (R.I.1983).

■ In the case at bar the general master did not consider the factors set forth in *Pettinato.* Instead he appeared to base his custody determination on an irrelevant factor, namely, that plaintiff was receiving assistance from a federal-state program entitled Aid to Families with Dependent Children (AFDC).

The purpose of AFDC is to enable the parents of dependent children to care for their children in the home, even though the parents are financially unable to bear the burden of financial support without assistance. The purpose and goal of AFDC is set forth in 42 U.S.C. § 601 (1988) as follows:

"For the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence con-

sistent with the maintenance of continuing parental care and protection."

Rhode Island, in common with most of its sister states, administers the AFDC program in accordance with guidelines enacted by Congress. The actual task of administration has been entrusted to the Department of Human Services pursuant to G.L. 1956 (1990 Reenactment) § 40–6–5. Consequently the rendering of assistance to parents with dependent children is ordained by the public policy of the United States and furthered by the public policy of the State of Rhode Island. Neither the policy of the federal government nor that of the State of Rhode Island would authorize or encourage in any way the penalizing of an otherwise proper parent merely because she is receiving assistance from the AFDC program. We are constrained to hold that the determination by the general master that receipt of such assistance would authorize a change of custody on public-policy grounds constitutes a fundamental error of law.

The defendant husband had every right to seek custody of his child and to have the factfinder consider his request by analyzing the best interests of the child in accordance with the *Pettinato* criteria as well as other relevant criteria that might impinge upon the best interests of the child. Certainly obedience to court orders would be one of these criteria. However, because it features an irrelevant and improper factor as a reason for the custody determination and because the general master failed to analyze the best interests of the child in accordance with our *Pettinato* guidelines, the custody order may not stand.

For the reasons stated, the plaintiff's appeal is sustained, and we vacate the decision of the general master as it relates to custody and remand the case to the Family Court for a new hearing by another judicial officer on the issue of custody.