**Andria CAPPELLETTI**

v.

**Salvatore CAPPELLETTI.**

**No. 94–746–A.**

Supreme Court of Rhode Island.

March 13, 1996.

Henry Swan, Providence.

Lauren Jones, Nicholas Colanagelo, Providence.

**ORDER**

This matter came before the court for oral argument on February 29, 1996, pursuant to

an order directing the defendant to appear and show cause why his appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the defendant's appeal should be summarily decided at this time.

The defendant, Salvatore Cappelletti, appeals from a decision entered by a justice of the Family Court pending entry of final judgment. His only ground of appeal is that the trial justice awarded sole custody of the minor child of the parties to the plaintiff, Andria Cappelletti. The trial justice granted visitation to defendant every other weekend and on alternate weeks visitation on Wednesday from noon until seven p.m. The decision of the trial justice was fact intensive and based on his belief that communication between the parents was so ineffective as to make joint custody not a viable option. This court has declared as its lodestar principle that a custody determination must be based upon the perceived best interests of the child. *Sammataro v. Sammataro,* 620 A.2d 1253, 1254 (R.I.1993); *Pettinato v. Pettinato,* 582 A.2d 909, 913–14 (R.I.1990). It is also well settled that a trial justice's findings of fact are given great weight and will not be disturbed unless he or she has overlooked or misconceived evidence or was otherwise clearly wrong. *Duke v. Duke,* 510 A.2d 430, 432 (R.I.1986). In the case at bar the trial justice rendered a decision as to custody that was amply supported by the evidence. Although he did not make detailed findings pursuant to *Pettinato, supra,* his decision implicitly as well as explicitly was based upon the best interests of the child and evidence indicating that the mother was better able to meet the needs of the child as principal custodian. Consequently, the appeal of the defendant is denied and dismissed. The decision of the Family Court is affirmed.

MURRAY, J., did not participate.