Margaret–Mary KETTELLE

v.

Wayne Robert KETTELLE.

No. 96–554–Appeal.

Supreme Court of Rhode Island.

March 25, 1998.

Vincent A. DiMonte, Providence, for plaintiff,

Edward G. Larson, Jr., Pawtucket, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff/mother, Margaret–Mary Kettelle, appeals from a Family Court judgment modifying the court's original custody decree by changing the physical placement of her child and from the denial of her motion for a new trial. We ordered the parties to show cause why this appeal should not be decided summarily. No cause having been shown, we proceed to decide the appeal at this time.

The defendant/father, Wayne Robert Kettelle, is the father of the couple's seven-year-old child, to whom we shall refer as David.[1] The parties divorced pursuant to a final judgment on May 3, 1993 and the court awarded custody of the child to the mother and father jointly, with the child being physically placed with the mother. The mother resides in East Greenwich, Rhode Island, and the father lives in Tucson, Arizona. In May of 1995 the father moved to modify the decree on the basis that complaints of abuse, neglect, and/or dependency regarding David had been made to the Department of Children, Youth and Families (DCYF) concerning the mother's care of him. At trial, evidence was adduced to show that the East

---

1. This is a fictitious name.

Greenwich police were called to David's home when the mother's boyfriend, Eric Koch (Koch), locked David and his stepbrother outside the house and pushed them down cement steps while babysitting them. Neighbors had complained of a ruckus, and when the police arrived, they found that Koch was inebriated. Later they arrested him for assault and possession of marijuana. Eventually they found the mother in a bar, brought her to the police station, and determined that she was intoxicated. David was subsequently placed with DCYF.

The Family Court justice found as a matter of fact that this alleged incident did occur. The Family Court justice also found that yet another of the mother's former boyfriends had sexually molested David and that the mother had failed to provide the father with seasonable notice of this incident. The trial justice found further that the mother had been arrested several times for disorderly and alcohol-related conduct and that the mother's live-in boyfriend had a police record at the time of the hearing. On the basis of this evidence the Family Court justice found that a substantial change of circumstances had occurred since the original custody order. He therefore decided to modify the previous award and to place David with the father. He also denied the mother's motion for a new trial.

■ The mother contends on appeal that evidence of her boyfriends' conduct and character should have been excluded because it was both irrelevant to the custody determination and highly prejudicial to her case. The trial justice admitted copies of certain police reports over the mother's relevancy objections because he found that these documents had "to do with the child." We cannot conclude that this was reversible error. In this situation the arrests of persons living in David's household were relevant to the quality and to the stability of David's home environment. This evidence was also relevant for the purpose of comparing the child's then-current-living situation with the home environment offered by the father. In any event it does not appear from the trial justice's decision that he based his ruling primarily on the fact that the mother's boy-

friends have had brushes with the law. Rather his decision is bottomed on the fact that the mother has had several boyfriends (at least one of whom had sexually abused David), that she and her boyfriends have had several run-ins with the police while David was living with her, and that all these factors together indicated that the mother's East Greenwich abode presented an unstable home environment for David when compared to the home environment offered by the father. We therefore hold that such evidence was neither irrelevant nor unduly prejudicial and that the trial justice's admission and consideration of such evidence was proper.

■ Next the mother asserts that the trial justice failed to consider all the factors touching upon David's best interests and relied primarily on the moral fitness of the mother and upon the character of the company she had been keeping to the exclusion of other relevant factors and evidence that reflected positively on her. A Family Court justice should not modify a child's custody-placement decree unless there has been a showing by the moving party by a preponderance of evidence that "the conditions or circumstances existing at the time the decree was entered have so changed that it should be modified in the interest of the child['s] welfare." *Suddes v. Spinelli*, 703 A.2d 605, 607 (R.I.1997). If the evidence shows a change in circumstances significant enough to permit a reopening of the decree, then the trial justice must decide what is in the child's best interest. *Kenney v. Hickey*, 486 A.2d 1079, 1082 (R.I.1985). This court enumerated in *Pettinato v. Pettinato*, 582 A.2d 909, 913–14 (R.I.1990), the factors that must be weighed in determining the best interests of a child. No one factor should be considered above the others. *Sammataro v. Sammataro*, 620 A.2d 1253, 1254 (R.I.1993). And upon appellate review this court will inquire only whether the trial judge abused his or her discretion. *Id.; see also Suddes*, 703 A.2d at 607.

■ Here the trial justice decided that a clear preponderance of the evidence showed a material change in circumstances. He began by correctly articulating the *Pettinato* factors that he was required to consider and acknowledged the qualification of those stan-

dards that we set out in *Sammataro.* In evaluating David's home environment, he considered the incidents of abuse committed by the mother's boyfriends and the mother's own alcohol-related arrests. He noted that the mother also has had a string of different boyfriends in her home. These circumstances led the court "to seriously doubt that that is a proper home environment for this child." However, he recognized and took into account that the mother had a good relationship with David and that David had siblings in Rhode Island. Moreover, he also considered that David had adjusted to his home, school, and community here in Rhode Island (although he also found that David had made "a good adjustment" to living in Arizona). The trial justice also congratulated the mother for seeking treatment for her alcohol dependency and for her current sobriety. Nonetheless, he ultimately concluded:

"For various reasons before the court, the court has assessed all the factors under *Pettinato,* and the court does not determine by assessing any one factor, but rather a combination of all factors, in awarding custody. The court finds there is a showing by a clear preponderance of the evidence that there is in fact existing a change in circumstances. The court finds that it is in the best interest of this child that the child be placed with the father in the state of Arizona and the court will order that placement be changed forthwith."

On the basis of the record before us, we perceive no error in this ruling.

The mother's motion for a new trial was founded upon the same errors assigned in her appeal from the judgment. Accordingly, for reasons similar to those discussed, we hold that the trial justice did not abuse his discretion in refusing to grant a new trial.

For these reasons the mother's appeal is denied, and the Family Court's judgment is affirmed.

BOURCIER, J., did not participate.