Mary–Anne PECK

v.

Stephen W. CHARETTE, Sr.

No. 97–265–Appeal.

Supreme Court of Rhode Island.

June 1, 1998.

Mary Ann Peck.

Stephen W. Charette, Sr., Jack D. Pitts, Johnston.

**ORDER**

This case came before a hearing panel of this Court for oral argument May 19, 1998, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the oral arguments from both parties who appeared pro se and examining the memoranda filed by them, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Stephen W. Charette, Sr., has appealed from a custody order of the Family Court relating to the minor child of the parties, Stephen W. Charette, Jr., who is seven years of age. The plaintiff, Mary–Anne Peck, and defendant were not married, but lived together for several years. After their separation they sought the intervention of the Family Court to determine the custody of the child. A justice of that court awarded the parties joint custody with physical placement with the mother and visitation by the father every Wednesday night until Thursday evening and every other weekend.

Unfortunately the parties were not able to maintain a stable argument-free environment for the child as they were ordered to do in the judgment entered September 16, 1993. On September 1, 1995, both parties filed motions to adjudge the other in contempt. On September 13, 1995, another justice of the Family Court entered an order maintaining the original custody award but adding additional restrictions to the visitation schedule and also ordering certain psychological assessments and counseling. Nevertheless the parties continued to file motions to modify custody. The most recent hearing occurred before a third justice of the Family Court concluding on February 3, 1997. After hearing testimony from each of the parties that tended to show inappropriate conduct on the part of the other parent and hearing from Doctor Eugene D'Andrea, a psychologist, the trial justice made certain findings of fact.

He determined that the parties ability to communicate had deteriorated and that they had not spoken to each other for nearly two years. He further found that both parties loved their son and that in spite of the tension Stephen is a well-adjusted boy. He amended the prior custody order so that sole custody is awarded to the mother with the same visitation rights accorded to the father that had been set forth in the order of September 16, 1993. He continued the restraining order in effect against the father from harassing or interfering with the mother. On appeal the father questions these findings and argues that he would be a much more stable and responsible custodian for the child.

In reviewing a custody determination made by a justice of the Family Court this Court is limited to determining whether the trial justice has abused his or her discretion. *Sammataro v. Sammataro*, 620 A.2d 1253, 1254 (R.I.1993). We may not disturb the factual findings unless we are persuaded that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Duke v. Duke*, 510 A.2d 430, 435 (R.I.1986); *Conley v. Conley*, 508 A.2d 676, 678 (R.I.1986). In modifying the custody order the trial justice considered the factors set forth in *Pettinato v. Pettinato*, 582 A.2d 909, 913–14 (R.I.1990). Our examination of the record indicates that the trial justice did not overlook or misconceive the relevant evidence nor was he otherwise clearly wrong considering the turbulent history of this case and the decisions rendered by three justices of the Family Court. We discern no abuse of discretion on the part of the trial justice.

Consequently, the defendant's appeal is denied and dismissed. The custody order of the Family Court of February 6, 1997, is affirmed.

LEDERBERG and GOLDBERG, JJ., did not participate.