**Linda RECARD**

v.

**Anthony POLITE.**

**No. 2006–42–Appeal.**

Supreme Court of Rhode Island.

Nov. 21, 2007.

Linda Recard.

Sheri Lepore Blanchard.

**O R D E R**

The plaintiff, Linda Recard, appeals *pro se* from a Family Court order denying her motion for visitation with her two children, Toni[1] and Tiffany Polite, who are in the custody of their father, the defendant, Anthony Polite. This case came before the Supreme Court for oral argument on October 31, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda submitted by the parties, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the reasons set forth herein, we affirm the order of the Family Court.

In August 2001, a judge of the Family Court of the State of New York awarded custody of Toni and Tiffany Polite to defendant father and unsupervised biweekly visits to plaintiff, after he found that plaintiff frequently and excessively had beaten the children, that she lacked insight into Toni's need for intensive intervention, and that she directly caused Toni's increasingly severe behavioral problems and escalating pattern of aggressive, violent, and self-destructive conduct. The New York court found that the children's behavior had improved dramatically while defendant had temporary custody and also found that defendant and his current wife, Marilyn Vasquez, had demonstrated impressive insight regarding the children's needs.

The plaintiff filed a miscellaneous petition in the Rhode Island Family Court in 2002, which was heard on November 18, 2002, on her request for visitation. On December 12, 2002, a justice of the Family Court denied plaintiff's motion for custody and partially suspended her visitation rights, permitting only limited supervised visitation. The Family Court reaffirmed the New York Court's previous findings and decision, but suspended plaintiff's unsupervised visitation because she had sent her older daughter, Toni, a bus ticket to travel from Rhode Island to New York City without defendant's consent and in violation of the New York Court order. The Family Court reaffirmed this suspension in subsequent hearings held in February and April 2003.

On January 14, 2005, the Family Court again denied plaintiff's motion for visitation because it found no change of circumstances that would warrant modification of the previous visitation order. Specifically, the Family Court found that plaintiff had neither received psychological treatment for her violent behavior nor gained any insight into her past abusive conduct. The plaintiff timely appealed to this Court.

We review a Family Court justice's "denial of a motion to modify a prior custody award to determine whether an abuse of discretion has occurred." *Suddes v. Spinelli*, 703 A.2d 605, 607 (R.I.1997). The

---

1. At oral argument, plaintiff asserted that Toni has turned eighteen since this appeal was filed, and that representation was not challenged by defendant. This case is, therefore, moot as to Toni.

same standard of abuse of discretion applies to decisions pertaining to modification of visitation. *Seravo v. Seravo,* 525 A.2d 922, 926 (R.I.1987). We will "not disturb findings of fact made by a Family Court justice unless the individual taking the appeal can show that such findings are clearly wrong or that the trial justice overlooked or misconceived evidence relevant to the issues decided." *D'Onofrio v. D'Onofrio,* 738 A.2d 1081, 1083 (R.I.1999) (citing *Lembo v. Lembo,* 677 A.2d 414, 417 (R.I.1996)). A Family Court justice "should not modify a child's custody-placement decree unless there has been a showing by the moving party by a preponderance of evidence that 'the conditions or circumstances existing at the time the decree was entered have so changed that it should be modified in the interest of the child['s] welfare.'" *Kettelle v. Kettelle,* 707 A.2d 268, 269 (R.I.1998) (quoting *Suddes,* 703 A.2d at 607). "Until and unless the moving party meets this burden, the prior custody award should remain intact." *Suddes,* 703 A.2d at 607.

Based on our review of the record, we hold that the Family Court did not abuse its discretion in denying unsupervised visitation because the plaintiff failed to prove a sufficient change of circumstances from those that existed when the court first suspended visitation in November 2002. The only change the plaintiff asserts on appeal is that she has not seen her daughters in four years. This lack of visitation, however, is a *consequence* of the Rhode Island Family Courts order and does not establish the plaintiffs fitness for visitation. In fact, the plaintiffs own hearing testimony confirms a complete lack of change of circumstances, because she continued to deny that she had abused her daughters and admitted she did not seek counseling for her violent behavior. Thus, we hold that the Family Court did not abuse its discretion in denying the plaintiffs motion for visitation. Indeed, in our opinion, the justice of the Family Court who ruled on the plaintiffs motions was entirely correct in so doing. The other arguments raised by the plaintiff are simply without merit.[2] The order of the Family Court is affirmed, and the record shall be returned thereto.

**2.** The plaintiff, of course, is free to move for a modification of the visitation order at a later time and can then demonstrate to the Family Court that there has been a change in circumstances such that her visitation should be restored.