Rui W. VICENTE

v.

Kimberly S. VICENTE.

No. 2007–139–Appeal.

Supreme Court of Rhode Island.

July 10, 2008.

Mariah Sugden, Newport, for Plaintiff.

Karen Lynch Bernard, Warwick, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## ORDER

This case came before the Supreme Court on March 31, 2008. The defendant, Kimberly S. Vicente (defendant or mother), seeks review of a Family Court order denying her motion for a change of placement for her minor daughter, Olivia, from placement with her father, the plaintiff, Rui W. Vicente (plaintiff), to placement with the defendant; the motion was based

on changed circumstances. The defendant has appealed to this Court, contending that the trial justice erred by applying an incorrect standard for a motion to change placement of the minor child. For the reasons stated in this order, we affirm the judgment that the Family Court entered.

## Facts and Travel

The plaintiff and defendant were divorced on March 17, 2004. The marriage produced one child, Olivia, who was born in December 1998. Both plaintiff and defendant were awarded joint custody of Olivia, but placement and primary responsibility for caring for the child rested with her father. The plaintiff has two daughters from a previous marriage. Allegations of child molestation involving an overnight guest of his daughter, Amanda, constitute the genesis of this dispute.

The record discloses that on December 11, 2004, Amanda and her friend had a sleepover at plaintiff's home. During the course of this visit, in the early morning hours, Amanda called her mother to report that plaintiff had molested her friend. The subsequent investigation did not result in a criminal prosecution. However, Olivia was removed from plaintiff's home and later placed by the Department of Children, Youth and Families (DCYF) during its investigation into the alleged molestation incident. According to the trial justice's decision, the criminal charges against plaintiff "were dismissed for lack of probable cause." The defendant then sought a change of custody and placement.

Before the Family Court hearing justice, defendant argued that the criminal charge, coupled with plaintiff's drinking and poor caretaking, constituted a sufficient change of circumstances to warrant transferring Olivia's placement to her mother. After an evidentiary hearing that spanned several days, the trial justice denied the motion.

In doing so, the trial justice referred to previous conduct of defendant, the moving party in this case, and remained convinced that placement of Olivia should be with her father. Her decision largely rested on the testimony of two social workers from DCYF and on the fact that the criminal prosecution of plaintiff had been terminated.

## Standard of Review

■ "We review a Family Court justice's 'denial of a motion to modify a prior custody award to determine whether an abuse of discretion has occurred.'" *Recard v. Polite*, 935 A.2d 101, 101 (R.I. 2007)(mem.) (quoting *Suddes v. Spinelli*, 703 A.2d 605, 607 (R.I.1997)). Because of this deferential standard of review, the Court will not disturb the factual findings made by the hearing justice absent a showing that the "findings are clearly wrong or that the trial justice overlooked or misconceived evidence relevant to the issues decided." *D'Onofrio v. D'Onofrio*, 738 A.2d 1081, 1083 (R.I.1999).

■ In pressing a motion for a change of child custody or placement in the Family Court, the moving party must show, "by a fair preponderance of the evidence that the conditions or circumstances existing at the time the [original] decree was entered have so changed that [the decree] should be modified in the interest of the child['s] welfare." *Suddes*, 703 A.2d at 607. Unless the movant meets this stringent evidentiary standard, the prior custody decision should remain intact.

## Analysis

■ In the case before us, defendant moved for a change of placement for Olivia based in large part on plaintiff's criminal prosecution. The trial justice, when confronted with the undisputed evidence that the criminal charge had been dismissed,

declared that: "[b]ut for those unfounded allegations, this child would still be placed with her father." Although on the record before us, findings of fact with respect to the existence or nonexistence of any changed circumstances are scant, the trial justice looked to the dismissal of the criminal case and then proceeded to pass upon the mother's credibility and parenting skills; she then denied the motion.

We decline to disturb the trial justice's decision because our careful review of the record satisfies us that the defendant failed to meet her burden of establishing by a preponderance of the evidence that there had been a change of circumstances sufficient to warrant a change in placement or that it would be in Olivia's best interest for that to happen. The trial justice looked to the testimony of two social workers and a DCYF report stating that the agency was exercising its discretion to supervise the defendant's visits with Olivia because of her "disregard for the courts and the legal system[.]" She noted that "nothing occurred to alter their belief that [the plaintiff] continues to be an appropriate caregiver for this child." This finding, taken in conjunction with the high standard needed to overturn a decision of the Family Court, leads us to affirm this decision.

## Conclusion

The judgment in this case is affirmed. The papers in this case are remanded to the Family Court.