December 12, 2019

**Supreme Court**

No. 2016-310-Appeal.
(N 08-154)

Jamie Souza          :

v.          :

Michael Souza.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Jamie Souza           :

v.               :

Michael Souza.        :

Present:  Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Indeglia, for the Court.**  The defendant father, Michael Souza (defendant), appeals from a Family Court order denying his motion for a new trial following a decision and order that denied his motion to change custody and awarded sole custody to the plaintiff mother, Jamie Souza (plaintiff).  On appeal, the defendant claims that the trial justice erred by overlooking and misconceiving evidence.  He argues that the trial justice was clearly wrong when she determined that the defendant failed to carry his burden of demonstrating a substantial change in circumstances warranting the change of custody of his two children.  For the reasons set forth below, we affirm in part and vacate in part the September 17, 2015 order of the Family Court.

## I

### Facts and Travel

The defendant and the plaintiff were married on June 30, 1995.  They are the parents of two minor children.  The parties divorced in 2009.  As part of their divorce, they entered into a marriage settlement agreement (the MSA).  In the MSA, the parties agreed to joint custody of the

children with placement with plaintiff and with defendant having all reasonable rights of visitation.[1]

Thereafter, following the entry of final judgment of divorce, defendant moved to modify placement, seeking an order awarding him placement of the children.[2] A guardian *ad litem* (GAL) was appointed for the two children on August 18, 2010. The Family Court heard testimony on defendant's motion over a four-year period.[3] Both parties filed various motions to modify placement and custody during the trial. Additionally, during that time, there were periods when defendant had his visits modified, supervised, and, at some points, suspended. Specifically, his visits were suspended when the Department of Children, Youth, and Families became involved in two incidents that were "indicated" against defendant based on calls to the DCYF hotline. With regard to defendant's motion to modify custody, the trial justice heard from "no less than fifteen (15) witnesses presented by [d]efendant[,]" including the GAL. The plaintiff and the defendant also testified. Additionally, hundreds of exhibits were introduced at

---

[1] The parties' children were born on February 4, 2002, and May 8, 2004. It appears that the parties adopted the younger child from Korea when he was seven months old. It was additionally brought out in oral argument that a dependency petition was granted with regard to the younger child. Based on our review, this child remains in the custody of the Department of Children, Youth, and Families, and the proceedings in that matter are ongoing.

[2] In her decision that forms the basis of the order on appeal, the trial justice ruled on "Plaintiff's Motion to Dismiss Defendant's Post Final Judgment Motion to change custody" and on defendant's "Motion to Change Custody." Frequently, throughout that decision as well as in the submissions of the parties, the motion to change custody is referred to as a "motion to modify placement." While the latter is a more generic term, which can encompass change of placement, visitation rights, or a change of custody, the trial justice ultimately decided the case on defendant's motion for sole custody of the two children. As such, defendant's motion for sole custody is the modification before us on appeal.

[3] The hearings in this case span over six years and across two counties, with a total of 45 hearing dates. Such a large number of hearing dates is discouraged. Custody and placement determinations such as those presented in this case should be decided as expeditiously and efficiently as possible. We have not been apprised of an adequate explanation for the unreasonable delay in this case.

trial, including reports from DCYF regarding the two allegations of abuse against defendant and a report by the GAL.

After defendant rested his case, plaintiff moved to dismiss the motion to change custody, pursuant to Rule 41(b)(2) of the Family Court Rules of Domestic Relations Procedure, arguing that defendant had failed to meet the required burden of proof. On August 14, 2015, the trial justice issued a twenty-six-page written decision granting the motion to dismiss. In that decision, the trial justice noted that "it would be [defendant] as the moving party's burden to show by a preponderance of the evidence that the circumstances existing at the time the decree was entered has so changed that custody should be modified in the interest of the child's welfare" and "[a]s always, the best interest of the child must be considered."

After reviewing the testimony of many of the witnesses at trial, the trial justice found that defendant had not met his burden of showing a substantial change in circumstances and that there was not any evidence to support the motion to modify in order to award custody of the children to him. She found that none of the testimony substantiated defendant's assertions that plaintiff had mistreated or failed to provide for the children. The trial justice further found "by a preponderance of the evidence that these two (2) people cannot co-parent these children to the extent necessary to support the continued order of joint custody." Based on that finding, the trial justice ultimately granted sole custody to plaintiff, and an order to that effect followed.

The defendant subsequently filed one motion both to reopen the case and for a new trial, pursuant to Rules 52 and 59 of the Family Court Rules of Domestic Relations Procedure, which was denied. It is from this order that defendant timely appealed.[4]

---

[4] We pause to note that this case was remanded to the Family Court on three different occasions while pending review before this Court, once for proper entry of an order, which was not complied with, and twice at the parties' request.

## II

## Standard of Review

With respect to a motion for new trial in Family Court proceedings, "we have established that 'the trial justice acts as a superjuror in considering a motion for a new trial.'" *Andreozzi v. Andreozzi*, 813 A.2d 78, 83 (R.I. 2003) (quoting *Rezendes v. Beaudette*, 797 A.2d 474, 477 (R.I. 2002)). If the trial justice has articulated adequate grounds for denying the motion, "his determination either granting or denying a motion for new trial will not be disturbed unless he has overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *Id.* (deletions omitted) (quoting *Rezendes*, 797 A.2d at 478).

"We review a Family Court justice's denial of a motion to modify a prior custody award to determine whether an abuse of discretion has occurred." *Vicente v. Vicente*, 950 A.2d 461, 462 (R.I. 2008) (quoting *Recard v. Polite*, 935 A.2d 101, 101 (R.I. 2007) (mem.)). "Because of this deferential standard of review, the Court will not disturb the factual findings made by the [trial] justice absent a showing that the 'findings are clearly wrong or that the trial justice overlooked or misconceived evidence relevant to the issues decided.'" *Id.* (quoting *D'Onofrio v. D'Onofrio*, 738 A.2d 1081, 1083 (R.I. 1999)).

"In pressing a motion for a change of child custody or placement in the Family Court, the moving party must show, 'by a fair preponderance of the evidence that the conditions or circumstances existing at the time the original decree was entered have so changed that the decree should be modified in the interest of the child's welfare.'" *Vicente*, 950 A.2d at 462 (brackets omitted) (quoting *Suddes v. Spinelli*, 703 A.2d 605, 607 (R.I. 1997)). "Unless the movant meets this stringent evidentiary standard, the prior custody decision should remain intact." *Id.*

# III

## Discussion

### A

### Modification of Custody

On appeal, defendant argues that the trial justice overlooked and misconceived evidence in finding that he had failed to demonstrate by a preponderance of the evidence that a substantial change in circumstances had occurred and that the children were in harm's way while placed with plaintiff. The defendant contends that the trial justice committed multiple errors in this respect. We address each of defendant's contentions below.

The defendant begins by arguing that the trial justice "gave no weight" to the portions of the GAL report and testimony that characterized defendant positively and plaintiff negatively. Specifically, he argues that much of the GAL report paints plaintiff in a negative light, in that it reports that plaintiff ignored the younger child and, even further, that plaintiff had not wanted to adopt him. Based on these facts, as well as other factual findings by the GAL, the report recommended that defendant be awarded sole custody and primary physical placement of the children. The trial justice, however, was not required to act on that recommendation. Indeed, in *D'Onofrio*, this Court agreed with the conclusion of the New Hampshire Supreme Court that "[t]he recommendations of the guardian ad litem do not, and should not, carry any greater presumptive weight than the other evidence in the case. The guardian ad litem is appointed to represent the best interests of the child, not to make a conclusive or presumptive determination; that is the province of the court[.]" *D'Onofrio*, 738 A.2d at 1084 (quoting *Richelson v. Richelson*, 536 A.2d 176, 180 (N.H. 1987)).

In her decision, the trial justice considered the GAL's testimony, and she questioned the GAL's recommendation on custody based on (1) the absence of a professional opinion on the effects of separating the children; (2) the GAL's testimony that the younger child was the focus of her investigation and that defendant's parents typically took the children during visits; and (3) other sources who told the GAL that defendant was not involved with the children or emotionally present and that he had never asked for more visitation. Additionally, she discussed the GAL report, noting that "[t]he court reviewed the GAL reports submitted as [d]efendant's full exhibits A, B, and C." The trial justice did not overlook the contents of the GAL report; rather, she considered it along with all the other evidence before her, as was required. *See D'Onofrio*, 738 A.2d at 1084.

The defendant also argues that the trial justice was clearly wrong to reiterate the findings by DCYF regarding two allegations of abuse by defendant. According to defendant, the allegations should not have been weighed by the trial justice because the clear and convincing standard set forth in Rule 17(b) of the Family Court Rules for Juvenile Proceedings regarding the question of whether a child was abused, neglected, or dependent should have been applied. To support this argument, defendant references *In re Sophia M.*, 204 A.3d 605 (R.I. 2019), arguing that the DCYF findings of abuse did not meet the clear-and-convincing-evidence burden. *In re Sophia M.*, however, dealt with an abuse and neglect petition against the mother and father, whereas here, the issue of whether abuse occurred was not before the trial justice; rather, she considered the *allegations* of abuse as reported and testified to by DCYF in the context of a custody determination. *See In re Sophia M.*, 204 A.3d at 605. The trial justice in the present case exercised her discretion in assessing the credibility of DCYF's officers and reports, as well as the credibility of other witnesses involved in DCYF's investigation. *See In re Jermaine H.*, 9 A.3d

1227, 1232 (R.I. 2010) ("It is well established that 'the task of determining the credibility of witnesses is peculiarly the function of the trial justice when sitting without a jury.'") (brackets omitted) (quoting *Parella v. Montalbano*, 899 A.2d 1226, 1239 (R.I. 2006)). "This Court will not disturb findings of fact made by the Family Court on the issue of custody and the best interests of the child unless the trial justice abused [his or] her discretion in making a particular award." *McDonough v. McDonough*, 962 A.2d 47, 52 (R.I. 2009). There is no evidence here of such an abuse of discretion, because the trial justice properly considered the credibility of the witnesses and reports before her.

The defendant argues that the trial justice was clearly wrong in her findings in four additional respects. First, defendant argues that the trial justice "overlooked and/or misconceived" testimony that indicated that he was a better parent; defendant points specifically to the testimony of family members and the GAL report. Second, defendant argues that the trial justice's finding that defendant was attempting to emotionally and financially ruin plaintiff was incorrect. Third, defendant argues that the trial justice was mistaken when she found that no other witnesses shared his view of the case. Fourth, defendant argues that the trial justice erred when she found that defendant failed to substantiate his claim that the children would be better off in his custody.

With regard to each of these contentions, we conclude that there is no indication that the trial justice misconceived or overlooked evidence. Here, the trial justice in her decision found that defendant had "failed to provide any evidence that *this* [c]ourt *would find* to substantiate his claim that these children would be better off with him." (Emphasis added.) Her decision suggests that she rejected the evidence submitted by defendant in support of his motion. Although defendant put forth evidence in support of his motion to modify custody at trial, it is

within the trial justice's discretion to weigh that evidence in rendering her decision. *See Ayriyan v. Ayriyan*, 994 A.2d 1207, 1215 (R.I. 2010) (holding that the trial justice did not abuse her discretion where she carefully weighed the evidence and did not blindly accept all testimony and evidence before her as true). Although the trial justice did not go through the testimony of each witness or analyze each piece of evidence in her written decision, it is clear that she considered and weighed their testimony in rendering that decision. *See Notarantonio v. Notarantonio*, 941 A.2d 138, 147 (R.I. 2008) ("A trial justice need not 'categorically accept or reject each piece of evidence in his [or her] decision for this Court to uphold it because implicit in the trial justice[']s decision are sufficient findings of fact to support his [or her] rulings.'") (quoting *Narragansett Electric Co. v. Carbone*, 898 A.2d 87, 102 (R.I. 2006)).

Finally, defendant argues that the trial justice erred in not allowing him to present tape recordings of the children into evidence. The defendant asserts that he should have been allowed to present the recordings to prove his innocence regarding the DCYF allegations of abuse, despite a court order barring such tape recording of the minor children. He asserts on appeal that "[t]he children were the best evidence." Upon a careful review of the record, we conclude that the trial justice did not err in preventing tape recordings from being admitted into evidence.

Indeed, it is clear from the record that the trial justice restricted the tape recordings from being entered into evidence to prevent further instances of the children "bringing tape recorders with them [to visits] in hopes of catching mother or father or somebody in a lie[.]" The trial justice made it clear that the purpose of that decision was to prevent interrogation of the children. "It is well established that the admissibility of evidence * * * is confided to the sound discretion of the trial justice; moreover, 'this Court will not interfere with the trial justice's decision unless a clear abuse of that discretion is apparent.'" *Giammarco v. Giammarco*, 959 A.2d 531, 533 (R.I.

2008) (quoting *Soares v. Nationwide Mutual Fire Insurance Co.*, 692 A.2d 701, 701-02 (R.I. 1997) (mem.)). We therefore decline to overturn a discretionary decision of the trial justice, who was in the best position to discern the admissibility of the tape recordings and who put forth a clear reason and rationale for denying their admission.

The trial justice did not overlook or misconceive evidence in determining that defendant failed to show a substantial change in circumstances. Accordingly, we conclude that she did not abuse her discretion when she denied defendant's motion to modify custody and granted plaintiff's motion to dismiss. Therefore, we will not disturb the trial justice's denial of the motion for a new trial on appeal.

**B**

**Sole Custody**

The second issue before the Court is the fact that the trial justice, in the order granting plaintiff's motion to dismiss, indeed modified custody by awarding sole custody of the children to plaintiff. The defendant takes issue with this decision, arguing that the "children are in harms way as long as they remain with Jamie" and by reiterating the two-part test required to modify custody or placement. If the two-part test is not met, "the prior custody decision should remain intact." *Vicente*, 950 A.2d at 462.

Here, the trial justice changed the prior agreed-upon joint custody arrangement, which was memorialized in the final judgment of divorce in 2010, to sole custody in favor of the plaintiff, seemingly based upon the determination that the parties cannot co-parent, without reference to the best interests of the children. Awarding sole custody here goes a step too far. The plaintiff, to succeed on such a motion, would have to show by a fair preponderance of the evidence that circumstances had changed such that the placement should be modified in the

- 9 -

interest of the children's welfare and that the change of placement was in the best interests of the children. *See Vicente*, 950 A.2d at 462. Here, the trial justice applied no such test in concluding that the plaintiff should be awarded sole custody. We therefore vacate the portion of the order that awards sole custody to the plaintiff, and remand the case to the Family Court for further proceedings consistent with this opinion.

## IV

## Conclusion

For the foregoing reasons, we affirm in part and vacate in part the September 17, 2015 order of the Family Court and remand the case for further proceedings on the issue of sole custody.

Justice Flaherty did not participate.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Jamie Souza v. Michael Souza. |
| **Case Number** | No. 2016-310-Appeal.<br>(N 08-154) |
| **Date Opinion Filed** | December 12, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Newport County Family Court |
| **Judicial Officer From Lower Court** | Associate Justice Karen Lynch Bernard |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Thomas M. Dickinson, Esq. |
| | For Defendant:<br><br>Russell Bramley, Esq. |