May 26, 2021

**Supreme Court**

No. 2019-238-Appeal.
(W 11-56)



Sharon Brooks                    :

            v.                   :

Michael Brooks.                  :


NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or  Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Sharon Brooks  :

v.  :

Michael Brooks.  :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

### O P I N I O N

**Justice Long, for the Court.**  The defendant, Michael Brooks (defendant or

Mr. Brooks), appeals *pro se* from an order of the Family Court denying his motion

seeking visitation with his nine-year-old daughter, whom he shares with the plaintiff,

Sharon Brooks (plaintiff or Ms. Brooks).  This case came before the Supreme Court

pursuant to an order directing the parties to appear and show cause why the issues

raised in this appeal should not be summarily decided.  After considering the parties'

written and oral submissions and reviewing the record, we conclude that cause has

not been shown and that this appeal may be decided without further briefing or

argument.  For the reasons set forth in this opinion, we affirm the order of the Family

Court.

## Facts and Procedural History

The plaintiff and Mr. Brooks married in 1999 and have two children—a son, born on July 30, 2001, and a daughter, born on April 1, 2010.[1] Months after their daughter's birth, Mr. Brooks was incarcerated on robbery charges; the last time he saw his daughter was at the intake center of the Adult Correctional Institutions when she was about six months old.[2]

Upon defendant's incarceration, Ms. Brooks filed a complaint for divorce. The Family Court entered a final judgment of divorce on November 16, 2011, thereby awarding Ms. Brooks sole legal custody and physical placement of the children and denying visitation rights to Mr. Brooks. In 2014, however, the Family Court authorized telephone contact between Mr. Brooks and the children several times per month.

On April 4, 2019, Mr. Brooks filed a motion seeking twice-monthly visits with his daughter at the ACI. At the hearing on the motion, Mr. Brooks asserted a change in circumstances based upon two factors: (1) his daughter was then nine years old and "probably old enough to form some sort of an opinion" and (2) his transfer from a maximum to medium security facility, where he had been participating in parenting programs. Ms. Brooks filed an answer and counterclaim asking that all

---

[1] The parties' son is not a subject of this appeal.
[2] At a hearing on June 7, 2019, discussed *infra*, defendant testified that his release date would be in about eighteen months, "with good time."

- 2 -

communication between Mr. Brooks and the children cease, unless initiated by the children.[3]

At a hearing held on June 7, 2019, the parties both appeared *pro se*. Each testified and submitted documentary evidence. Mr. Brooks asked the court to conduct an *in camera* interview with their daughter, who was not present at the hearing; the trial justice denied the request and heard from no further witnesses.

In issuing a bench decision following the testimony, the trial justice made several findings of fact: Mr. Brooks had not seen his daughter since he began his incarceration in 2010, when she was about six months old; Mr. Brooks exercised his right to communicate with her by letters and telephone calls, but she refused to speak with him; Mr. Brooks completed all of the parenting programs available to him in prison; Mr. Brooks used drugs in the presence of his children prior to his incarceration and threatened to have his children harmed if Ms. Brooks did not give him money for drugs, and his denial of those accusations was not credible; his daughter ran to her room in tears after Ms. Brooks suggested the possibility of her having to visit her father; and Mr. Brooks's comment in a recent letter to the child was inappropriate. The trial justice stated: "It's very clear that [the child] doesn't know Mr. Brooks[.]" She also noted that, although the child appeared from the

---

[3] At the time of the filing of the motion for visitation in April 2019, the parties' son was a few months from turning eighteen years old.

evidence to have experienced some behavioral issues, they were improving; the trial justice did not see "how it would help her to begin to visit someone in the prison who, yes, is her biological father, but who she absolutely does not know."

The trial justice denied Mr. Brooks's motion. She also denied Ms. Brooks's motion to change the existing court orders "except to the extent that * * * allow[s] the children * * * to make a decision if they want to accept phone calls." The trial justice entered an order on June 7, 2019, reflecting her decision. Mr. Brooks timely appealed.

Mr. Brooks challenges the decision of the trial justice for multiple reasons, including what he asserts was her failure to fully assess the child's best interests, her inappropriate consideration of his status as an incarcerated parent, and her failure to consider a substantial change in circumstances. He also contests what he claims are erroneous evidentiary rulings, as well as unspecified violations of his constitutional rights.

The principal question before this Court is whether the trial justice erroneously denied Mr. Brooks's motion to modify visitation by failing to consider the child's best interests.

### Modification of Visitation

This Court reviews a Family Court's decision on the issue of whether to modify visitation using an abuse-of-discretion standard. *Pacheco v. Marulanda*, 108

A.3d 1007, 1011 (R.I. 2015). "A trial justice's findings in this regard will not be disturbed on appeal unless he or she overlooked or misconceived evidence or was clearly wrong." *Laurence v. Nelson*, 785 A.2d 519, 520 (R.I. 2001).

This Court has stated that "[v]isitation rights are strongly favored and should be denied only in situations in which the child's physical, mental, or moral health would be endangered by contact with the parent." *Laurence*, 785 A.2d at 520. When deciding a case that impacts a parent's visitation rights, the trial court's primary consideration is the "best interests of the child." *Pacheco*, 108 A.3d at 1011 (quoting *Waters v. Magee*, 877 A.2d 658, 664 (R.I. 2005)). To that end, the trial justice must weigh certain identifiable factors when relevant:

> "1. The wishes of the child's parent or parents regarding the child's custody.
>
> "2. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.
>
> "3. The interaction and interrelationship of the child with the child's parent or parents, the child's siblings, and any other person who may significantly affect the child's best interest.
>
> "4. The child's adjustment to the child's home, school, and community.
>
> "5. The mental and physical health of all individuals involved.
>
> "6. The stability of the child's home environment.

"7. The moral fitness of the child's parents.

"8. The willingness and ability of each parent to facilitate a close and continuous parent-child relationship between the child and the other parent." *Pettinato v. Pettinato*, 582 A.2d 909, 913-14 (R.I. 1990) (footnotes omitted).

However, we do not require that the trial justice specifically address each factor when issuing a decision concerning visitation. *See Andreozzi v. Andreozzi*, 813 A.2d 78, 83 (R.I. 2003) (explaining that a trial justice is not required to refer to *Pettinato* factors when making a determination regarding custody).

It is clear from the record in this case that the trial justice considered the child's best interests consistent with *Pettinato*. In her bench decision, the trial justice made findings of fact reflecting Mr. Brooks's desire to see the child, the lack of relationship between Mr. Brooks and the child, the child's choice not to speak with her father, the child's improving behavior at school, and Mr. Brooks's past neglect and abuse toward both of his children.

Despite these clear findings, Mr. Brooks contends that the trial justice relied solely on his incarceration as a basis for denying his motion to modify visitation, contrary to our holding in *Hervieux v. Hervieux*, 603 A.2d 337 (R.I. 1992). In that case, this Court sustained the appeal by a father who was denied visitation based solely upon his incarceration. *Hervieux*, 603 A.2d at 338. However, as we explained in *Hervieux*, "[u]ncontroverted testimony by the [father] indicated that his relationship with his children is warm and loving and, in the circumstances, normal.

Apart from the [father]'s incarceration at the ACI nothing in the record indicates that cause existed which justified the trial justice's refusal to order visitation rights." *Id.*

*Hervieux* is clearly distinguishable from the instant matter, where the record reveals not only that Mr. Brooks has not seen the child since she was about six months old, but also that she began crying and ran to her room when asked about the prospect of visitation with him now. Moreover, it is clear that the trial justice weighed these factors in refusing to grant visitation.

Mr. Brooks's argument that the trial justice overlooked a significant change in circumstances is similarly unavailing. When a parent seeks to modify visitation, the parent "must show, by a fair preponderance of the evidence that the conditions or circumstances existing at the time the original decree was entered have so changed that the decree should be modified in the interest of the child's welfare." *Souza v. Souza*, 221 A.3d 371, 374 (R.I. 2019) (quoting *Vicente v. Vicente*, 950 A.2d 461, 462 (R.I. 2008)). Although Mr. Brooks testified that his circumstances had changed because he had been transferred to a medium security facility and had participated in parenting programs while incarcerated, the trial justice was well within her discretion to find that those changed circumstances were not sufficient to meet Mr. Brooks's burden. Ultimately, Mr. Brooks failed to demonstrate how visitation would serve the child's best interests, even when considering the proffered change in circumstances.

**The Defendant's Other Claims on Appeal**

As indicated *supra*, Mr. Brooks also contests what he claims to be erroneous evidentiary rulings and unspecified constitutional violations. Specifically, he contends that the trial justice wrongfully refused to conduct an *in camera* interview with the child, accepted unsupported hearsay testimony from Ms. Brooks, erroneously misconstrued a letter Mr. Brooks sent to the child, and violated his due process rights to a fair and impartial hearing.

This Court has long recognized that "the admissibility of evidence * * * is confided to the sound discretion of the trial justice; moreover, this Court will not interfere with the trial justice's decision unless a clear abuse of that discretion is apparent." *Souza*, 221 A.3d at 377 (quoting *Giammarco v. Giammarco*, 959 A.2d 531, 533 (R.I. 2008)).

We also require that litigants properly preserve evidentiary issues for review on appeal. *State v. Romero*, 193 A.3d 1167, 1171 (R.I. 2018) ("[I]f an issue was not preserved by *specific objection* at trial, then it may not be considered on appeal.") (quoting *State ex rel. Town of Tiverton v. Pelletier*, 174 A.3d 713, 718 (R.I. 2017)).

Examination of the record in this case reveals that Mr. Brooks's claims of erroneous evidentiary rulings are without merit. Mr. Brooks did not file a timely motion for an *in camera* interview of the child, he did not clearly object to testimony that he now challenges as hearsay, and he failed to object to the introduction of the

letter he sent to the child into evidence. We discern no abuse of discretion on the part of the trial justice, and we will not interfere with her evidentiary rulings.

Similarly, with respect to defendant's claims that the trial justice violated his due process rights to a fair and impartial hearing, he has failed to articulate to this Court the basis of those assertions and, as such, we will not address them on appeal. *See Town Houses at Bonnet Shores Condominium Association v. Langlois*, 45 A.3d 577, 584 (R.I. 2012) ("The defendant raises additional issues on appeal that we deem meritless because they were not sufficiently developed in his written submissions to this Court."); *State v. Chase*, 9 A.3d 1248, 1256 (R.I. 2010) ("[S]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.") (quoting *Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n.1 (R.I. 2002)).

We conclude that the trial justice did not err in denying the defendant's motion to modify visitation.

## Conclusion

For the foregoing reasons, the appeal is denied, the order appealed from is affirmed, and the record in this case may be returned to the Family Court.



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Sharon Brooks v. Michael Brooks. |
| **Case Number** | No. 2019-238-Appeal.<br>(W 11-56) |
| **Date Opinion Filed** | May 26, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Washington County Family Court |
| **Judicial Officer from Lower Court** | Associate Justice Sandra Lanni |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Sharon Brooks, Pro Se |
| | For Defendant:<br><br>Michael J. Brooks, Pro Se |